UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JULES DUPERON** | **CIVIL ACTION** |
| **VERSUS** | **NO:     06-3324 c/w** <br> **          06-3327** |
| **TOMMY MARGOITTA, ET AL** | **SECTION:  "A"  (4)** |

### PARTIAL REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary and to submit Proposed Findings and Recommendations for disposition pursuant to **Title 28 U.S.C. § 636(1)(B) and (C), § 1915(e)(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**.

### I.     Factual and Procedural Background

The plaintiff, Jules Duperon ("Duperon"), with counsel, filed a complaint *in forma pauperis* pursuant to Title 42 U.S.C. § 1983 alleging that, while incarcerated, he had five gallon buckets of hot water thrown on him on five occasions. In connection with his suit, he named Lt. Mitchell and Sgt. Scott as defendants.

The complaint was filed by counsel on July 3, 2006. However, defendants Mitchell and Scott were not served within 120 days of that date as required by Fed. R. Civ. P. 4(m), which

requires the plaintiff to make service within 120 days of filing a complaint. In this case, Duperon should have made service by October 31, 2006.

As a result, on December 14, 2006, the undersigned issued a Rule to Show Cause ordering Duperon to show cause why his claims against Mitchell and Scott should not be dismissed for failure to comply with the mandates of Fed. R. Civ. P. 4(m).[1] Duperon responded to the Order by providing a waiver of service which was executed on behalf of Mitchell by his counsel, Assistant Attorney General Phyllis Glazer.[2] Counsel for Duperon also conceded that there is no such person as Sergeant Scott.

Therefore, the show cause order has been satisfied in part as to Lt. Mitchell. However, in light of counsel's acknowledgment that Sgt. Scott does not exist, Duperon can not satisfy the service requirements as to that defendant. Therefore, the claim against Sgt. Scott should be dismissed.

**II. Recommendation**

For the foregoing reasons, it is **RECOMMENDED** that Jules Duperon's claims against the defendant Sgt. Scott be **DISMISSED WITHOUT PREJUDICE** for failure to comply with Fed. R. Civ. P. 4(m).

It is further **RECOMMENDED** that the show cause order as to Lt. Thomas Mitchell be **SATISFIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal

---

[1] Rec. Doc. No. 14.

[2] Rec. Doc. No. 17.

the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this  31st  day of January, 2007.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**